IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STERLING D. BROWN,

        Plaintiff,

      v.                                        Civil Action No. 2:18-cv-922

CITY OF MILWAUKEE,
CITY OF MILWAUKEE CHIEF OF
POLICE ALFONSO MORALES, in his
Official capacity,
SERGEANT SEAN A. MAHNKE,
SERGEANT JEFFREY S. KRUEGER,
OFFICER JOSEPH J. GRAMS,
OFFICER BOJAN SAMARDZIC,
OFFICER JAMES P. COLLINS,
OFFICER CRISTOBAL MARTINEZ AVILA,
OFFICER ERIK A. ANDRADE, and
OFFICER JASON P. JENSEN,

        Defendants.

---

## PRELIMINARY PRETRIAL CONFERENCE REPORT AND DISCOVERY PLAN

---

The parties through their respective counsel, having reviewed this plan and conferred on November 5, 2018, hereby submit this Preliminary Pretrial Conference Report and Discovery Plan pursuant to the Court's August 30, 2018 Notice. The parties will appear by telephone for the **November 21, 2018 10:00 AM** Rule 16 scheduling conference by calling the court's conference line at **888-557-8511** and using **access code 4893665#**.

### Preliminary Pretrial Conference Report

1)     **<u>Nature of the case</u>**. Plaintiff Sterling Brown claims the defendant officers violated his constitutional rights by, among others, using excessive force against him, depriving him of his liberty, and violating his equal protection rights. Plaintiff further claims that the City

1

of Milwaukee and its Chief of Police, Alfonso Morales, violated Plaintiff's fourth and fourteenth amendment rights by, among others, condoning an unconstitutional official or defacto policy of excessive force and/or violating person's equal protection rights by the police officers of the Milwaukee Police Department. Plaintiff seeks compensatory and punitive damages, costs and attorneys' fees.

Defendants have denied each of these allegations and have asserted various defenses.

2-3)     **Amendments to pleadings and Parties to be joined**.  The parties will add the additional necessary parties and complete all amendments to pleadings by no later than **March 1, 2019**.

4)     **Discovery Plan**

a)     Rule 26(a)(1) disclosures.  The parties will make available by **November 19, 2018** the information required by Federal Rule of Civil Procedure 26(a)(1).

b)     Discovery.  Discovery will include liability discovery and damages discovery. The Parties do not anticipate that discovery will need to be conducted in phases or otherwise limited.

c)     Electronically stored information.  All relevant and accessible electronically stored information will be preserved for future use in this matter in its original form. Additionally, any electronic discovery exchanged will be produced in .pdf format where feasible or some other format that facilitates meaningful use of the information.  The parties reserve the right to request particular documents in native format at a later time.  All requests for electronic discovery and/or for the production of electronically stored information in a format other than a .pdf will be governed by the proportionality standard set forth in Rule 26(b)(2)(C).

d)      Privileges and trial preparation materials.  The parties are unaware of any issues relating to claims of privilege or of protection at this time.

e)      Limitations on Discovery.  The Parties do not request any other modifications to the discovery limitations set forth in the Federal Rules of Civil Procedure.

f)      Rule 16 or Rule 26(c) orders.  The parties are unaware of the need for any orders at this time that should be entered by the court under Rule 16(b) or (c) or Rule 26(c).

g)      Plaintiff will disclose experts in accordance with Rule 26 on or before **April 30, 2019**.

Defendants will disclose experts in accordance with Rule 26 on or before **June 28, 2019**.

Plaintiff believes discovery should close 30 days before trial.  Defendants believe discovery should close 30 days before summary judgment motions are due.  The parties will be prepared to discuss this matter on November 21, 2018.

h)      Summary Judgment Motions to be filed on or before **August 28, 2019**.

5)      **Contemplated motions**.  The parties anticipate filing the following motions:

a.      Defendants will likely seek summary judgment with respect to the *Monell* claim.

6-8)      **Estimated length of trial**.  The parties anticipate needing a total of 10 days for trial.  The case should be ready for trial by October 2019.  The parties request a jury trial.

9)      The parties have discussed all matters addressed in this joint submission.

No settlement proposal has been made to date by the City so it is highly unlikely that any mediation session will take place before the Rule 16 conference on November 21, 2018.

Respectfully submitted,

Dated this 6th day of November, 2018.           /s/ Mark L. Thomsen
                                             Mark L. Thomsen
                                             State Bar No. 1018839
Scott B. Thompson
State Bar No. 1098161
Gingras, Cates & Wachs
3228 Turnberry Oak Drive
Suite 210
Waukesha, WI 53188
(414) 935-5482
mthomsen@gcwlawyers.com
sthomson@gcwlawyers.com

*Attorneys for Plaintiff*

Dated this 6th day of November, 2018.           /s/ Naomi E. Gehling
Naomi E. Gehling
State Bar No. 1061388
Elleny B. Christopoulos
State Bar No. 1105495
City of Milwaukee
Office of City Attorney
800 City Hall
200 East Wells Street
Milwaukee, WI  53202-3551
(414) 286-2601
ngehli@milwaukee.gov
echris@milwaukee.gov

*Attorneys for Defendants*

4