IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

STERLING D. BROWN,

                Plaintiff,

v.                                                       Case No. 18-CV-922

CITY OF MILWAUKEE,
CITY OF MILWAUKEE CHIEF OF
POLICE ALFONSO MORALES, in his
official capacity,
SERGEANT SEAN A. MAHNKE,
SERGEANT JEFFREY S. KRUEGER,
OFFICER JOSEPH J. GRAMS,
OFFICER BOJAN SAMARDZIC,
OFFICER JAMES P. COLLINS,
OFFICER CRISTOBAL MARTINEZ AVILA,
OFFICER ERIK A. ANDRADE, and
OFFICER JASON P. JENSEN,

                Defendants.

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE RULE 68 OFFER OF JUDGMENT**

NOW COMES Defendants, by their attorney, Grant F. Langley, City Attorney, by Assistant City Attorney Naomi E. Gehling, in response to the Plaintiff's Motion to Strike Rule 68 Offer of Judgment (ECF 58) respond as follows:

Plaintiff motion should be denied for several reasons. First, the motion fails to comply with Civil L. R. 7(a)'s mandate that "[e]very motion ***must*** state the statute or rule pursuant to which it is made. . . ." (Emphasis added.) Plaintiff's motion simply points the reader to the brief for the detailed reasons for the motion. However, the brief also does not point to a rule or statute that authorizes the motion or even contemplates the relief that Plaintiff is now seeking. In his

brief, Plaintiff merely mentions Fed. R. Civ. P. 1 and 68, but does not, because he cannot, claim that his motion is being brought pursuant to those rules. Because his motion fails to comply with the Local Rules, Defendants respectfully request that it be denied.

Related to the first, the second basis supporting the denial of Plaintiff's motion to strike is that he is petitioning the court for relief that *cannot* be granted. Defendants' offer of judgment was served pursuant to Fed. R. Civ. P. 68 and according to the rule Plaintiff had two options – to accept the offer (at which point it would appropriately be filed with the Court) or reject the offer. *See* Fed. R. Civ. P. 68. If his choice was to reject the offer, the rule explicitly sets forth the only reason for ever considering it again – unaccepted offers are only admissible "in a proceeding to determine costs." Fed. R. Civ. P. 68(b). Although Plaintiff would have to Court believe that the City and the named officers are liable simply because he says so, or even that his case is so strong that he just knows he's going win, we are not yet to the point of determining costs because no liability finding has been made. As such, Plaintiff is prematurely requesting that the Court review the unaccepted offer. Plaintiff's motion must be denied as moot because there is nothing for the Court to strike. *See Wilder Chiropractic, Inc. v. Pizza Hut of S. Wis., Inc.,* 754 F. Supp. 2d 1009, 1013 (W.D. Wis. Dec. 6, 2010). Plaintiff should not be permitted to improperly use his own motion as a vehicle to file the document that he is asking the Court to strike.

However, because Defendants recognize that the Court may consider this basis for denial an argument of form over substance, they will address the substance of Plaintiff's motion as well. First, just as no liability determination has been made by a court or jury in this matter, Defendants have made no admission of liability. Despite his attempts in this motion to besmirch the character of the Defendants and their counsel, Plaintiff's counsel has not brought any motions to strike the Answer that he claims contains untruths and was not filed in good faith.

2

Nor has the time for the Defendants to withdraw any affirmative defense that it cannot maintain run so as to make such a Rule 11 motion proper.

Second, Defendants do not control the Plaintiff's litigation strategy. Defendants did not send out voluminous written discovery (although it has had to answer Plaintiff's multiple sets of interrogatories, requests to admit, and requests for production of documents) or even taken one deposition (although it has had to prepare for and defend nine). Plaintiff's counsel has complete control over the way in which he chooses to litigate this case. It is not the Defendants' fault that its offer of judgment now puts him in an uncomfortable position of having to explain the actual cost of his litigation decisions. He cannot now blame the Defendants for any "incredible costs and fees" or "unnecessarily inflat[ed]. . .costs and fees" that he will be charging his client after the date of the service of the offer. *See* Pl's Brief in Support of Motion to Strike Rule 68 Offer of Judgment at 1.

Third, "…in general, courts use contract principles to interpret offers of judgment." *Webb v. James*, 147 F.3d 617, 620 (7th Cir. 1998). As such, the City can provide whatever terms it likes in its offer, and like any other contract, the Plaintiff is free to accept or reject it. Nothing about the language or amount of Defendants' Rule 68 offer requires that the court strike it. The City's Rule 68 Offer is not a "weaponization" of the rule, it is using the rule for the purpose it was intended – to offer the Plaintiff judgment in an amount that covers both what the Defendants believe Plaintiff could recover and the amount of costs incurred prior to the time the offer is made in order to save judicial and party resources.

Even assuming, *arguendo*, that the relief he seeks is something that could be granted by the Court, the third basis for denial of Plaintiff's motion is that his attempt to construe the

Defendants' Rule 68 Offer as unreasonable fail[1] and the case law he cites is easily distinguishable.

Despite Plaintiff's attempts to characterize the Rule 68 offer as utterly frivolous and a sham, it was made after serious consideration of the issues. This office undertook significant research on jury verdicts and settlements in other cases in this circuit that involved the use of an electronic control device, or taser, by one of more police officers. Defendants include several examples from Wisconsin and Illinois for the Court's reference:

- *Thomas E. Nelson, et al. v. William DeFoe, et al.,* 3:15-cv-00274, Doc. Nos. 11 and 93 (W.D. Wis.) (plaintiffs accepted the Rule 68 Offer of Judgment in the amount of $300,000 after they brought suit against the police chief, the Town of La Pointe, and several town officials for, *inter alia*, violating his civil rights by using excessive force when the chief entered his home without a warrant and tased him three (3) times in order to effectuate his arrest);
- *James A. Paquin v. City of Kiel, et al.,* 1:14-cv-00210, Doc Nos. 1 and 32 (E.D. Wis.) (17 year old plaintiff accepted the defendants' settlement offer after mediation in the amount of $168,750 after he brought suit against the City of Kiel and two police officers for, *inter alia*, violating his civil rights by using excessive force when the officer entered his home without a warrant and tased him two (2) times, also causing him to knock his head and become dazed, in order to stop him from calling his mother)[2]*;*
- *Thomas Frizzell v. Carl Szabo, et al.,* 3:08-cv-03147, Doc. Nos. 1 and 80 (C.D. Ill.) (jury found in favor of plaintiff on his excessive force claim against the officer for the amount of $1.00 after the officer tased plaintiff four times for refusing to stop when ordered and sprayed mace in his face after he was already in custody);
- *Isaac W. Capps v. Kevin Drake, et al.*, 3:14-cv-00441, Doc. Nos. 1 and 177 (S.D. Ill.) (jury found in favor of plaintiff on his excessive force and failure to intervene claims against the defendant officers for the amount of $32,092, including punitive damages, after multiple officers tased him and used other forms of physical force during a traffic stop);

---

[1] In fact, Plaintiff's filing of the motion to strike makes it evident that the City's offer is actually quite reasonable. If the City's offer were as patently unreasonable as Plaintiff claims in his motion, he would have just rejected it without another thought. Instead, he filed this improper motion to strike it. It is reminiscent of the Shakespeare quote from Hamlet, "the lady doth protest too much, methinks."
[2] *See also* the verdict and settlement summary, 2015 WL 5678376.

4

Case 2:18-cv-00922-PP   Filed 11/08/19   Page 4 of 8   Document 63

- *Kurt Kopek v. City of Aurora, et al.*, 1:10-cv-05593, Doc. Nos. 1, 117, and 130 (N.D. Ill.) (jury found in favor of plaintiff on excessive force claim for the amount of $50,000, including punitive damages, after the officer tased plaintiff three times and punched him in the face four times during a traffic stop of the plaintiff's wife where she was beign placed under arrest)[3];
- *Wilson Burnell v. David Glessner, et al.*, 3:11-cv-50122, Doc. Nos. 1 and 114 (N.D. Ill.) (jury found in favor of plaintiff on excessive force claim for the amount of $10,000, including punitive damages, after an officer hit plaintiff on the head with a metal flashlight, twisted his leg, and tased him during a struggle to place him under arrest);
- *Kendall McClennon v. City of Chicago, et al.*, 1:14-cv-03233, Doc. Nos. 54 and 79 (N.D. Ill.) (plaintiff accepted the defendants' settlement offer in the amount of $210,000 after he brought suit against the City and three police officers for, *inter alia*, violating his civil rights by using excessive force when the officers entered his cousin's private yard without a warrant and with guns drawn, and struck and handcuffed plaintiff, then tased him while he was restrained, and called him and several others at the gathering racist epithets)[4];
- *Dominique Franklin, Sr. v. City of Chicago, et al.,* 1:14-cv-03849, Doc. Nos. 48 and 89 (N.D. Ill.) (plaintiff accepted the defendants' settlement offer in the amount of $210,000 after he brought suit against the City and two police officers for, *inter alia*, violating his civil rights by using excessive force when the officers tased plaintiff, who they believed had stolen something from a Walgreen's, while he was running from them, causing him to hit his head on a light post and die.)[5];
- *Alonzo Smith v. Jeffrey Chudy, et al.,* 1:14-cv-05261, Doc. Nos. 7 and 92 (N.D. Ill.) (plaintiff accepted the defendants' settlement offer in the amount of $180,000 after he brought suit against the City and two police officers for, *inter alia*, violating his civil rights by using excessive force when the officers chased plaintiff into his aunt's house and tased, and also shot him after he ran out of his aunt's building)[6];
- *Elaina Turner, et al. v. City of Chicago, et al.,* 1:15-cv-06741, Doc. Nos. 5 and 179 (N.D. Ill.) (plaintiff accepted the defendants' settlement offer in the amount of $500,000 after they brought suit against the City and three police officers for, *inter alia*, violating the female plaintiff's civil rights by using excessive force

---

[3] *See also* the verdict and settlement summary, 2013 WL 5716660, as the trial documents appear to be restricted due to the action being resolved by settlement post-verdict.
[4] *See also* the verdict and settlement summary, 2018 WL 2761551.
[5] *See also* the verdict and settlement summary, 2017 WL 7840247.
[6] *See also* the verdict and settlement summary, 2017 WL 6060706.

when the officers tased her several times during an attempt to tow her vehicle causing her severe injuries, including but not limited to, suffering a miscarriage).[7]

Review of these results demonstrates that the City's offer was reasonable and made in good faith in an effort to resolve the case and save the resources of the parties and this honorable court.

Additionally, the offer was made after multiple discussions with City officials and votes by the elected officials for the City of Milwaukee. In fact, if the Court reads the article cited by the Plaintiff (although Defendants maintain that it is inadmissible hearsay), it will see that Alderman Borkowski's entire comment and his vote on the resolution show that he voted against the authorization resolution because he was actually concerned about how his constituents would feel about how large the offer would be due to his recognition that Mr. Brown could also recover nothing, not because he thought it was a "lowball offer." As the Court can see, despite Plaintiff's contentions, the City's Rule 68 offer was eminently reasonable and made in good faith.

The South Carolina Court of Appeals decision, *Black v. Roche Biomedical Lab., et al.*, 315 S.C. 223, 433 S.E.2d 21, (S.C. Ct. App. 1993), cited by the Plaintiff is inapplicable and distinguishable for several reasons. First, as Plaintiff correctly notes, it is not binding case law from this circuit…in fact, it is not even analyzing the federal rules. *See id.* at 225. Second, *Black* was at a completely different posture than the case at bar. In *Black*, the defendant was the prevailing party and was seeking costs and fees from the plaintiff. *See id.* Third, the South Carolina rule that was being analyzed in *Black* has a good faith requirement – one that the Plaintiff in this case has admitted has not been recognized in this circuit. *See id.* at 227. Finally, although the cited case gives no explanation of why "the $35,000 offer was unreasonable and…not made in good faith as required by Rule 68," Defendants explanation of the analysis

---

[7] *See also* the verdict and settlement summary, 2017 WL 4447745.

undertaken with regard to the City's offer below demonstrates that the same cannot be said in the case at bar. *See id.* at 226-27.

*Frigon v. DBA Holdings, Inc., et al.,* 346 N.J.Super. 352, 7887 A.2d 966 (N.J. Super. Ct. App. Div. 2002), is also distinguishable. First, as with *Black*, the procedural posture of this case is much different than ours. The trial court had granted the defendants summary judgment motion and the offer of judgment was before the court on the defendants' motion for costs and fees incurred after the offer was made. *See id.* at 353-54. Despite Plaintiff's claims that the Defendants are liable, no such finding or admission has been made. As such, the time for analysis of the City's offer is not yet upon us. Second, this action was brought according to the New Jersey rule governing offers of judgment, which appears to differ significantly from the federal rule. *See id.* at 353. Third, the plaintiff in *Frigon* was demanding roughly $1,000,000 in damages and the defendant's offer was for $4,000 (.4% of the total "worth" of the claim). A comparison to the instant case, where the Plaintiff has made no specific demand for damages, and the City's research on jury awards and settlements in this circuit for cases involving officer's use of electronic control devices demonstrates that the City's offer is more than the "nominal or token offer" under consideration in *Frigon*.

In *Vaughn v. Central Miss. Credit Corp. (In re Vaughn)*, Ch. 13 Case No. 10-81836-WRS, Adv. Pro. No. 14-8010-WRS, Doc. No. 126 (Bankr. M.D. Ala. March 3, 2016), the defendant was arguing that because part of its offer of judgment was more favorable than that portion of the plaintiff's award, the offer should bar the plaintiff's recovery of her post-offer costs and fees. *See id.* at 4-5. The court there was not considering whether to strike a pre-judgment offer – it was determining whether to grant a defendant's request to use only a portion of its offer of judgment to oppose the prevailing plaintiff's motion for costs and fees. In *Vaughn*,

7

the defendant was arguing that because the plaintiff got the same amount for her actual damages as they offered her, even though the total award amount was more than $40,000 more than the offer, she should be barred from recovering costs and fees because that portion of the judgment was not more favorable than the offer. *See id.* at 9. The court stated that this argument made no sense and refused to parse out judgments in that fashion. *See id.* at 11-12. The court did not strike the offer, it merely decided that the offer was not "more favorable" than the judgment as required by Rule 68. *See id.*

Finally, the court's reasoning in *Slovin, et al. v. Sunrun, Inc., et al.,* 4:15-cv-05340-YGR, Doc. 108 (N.D. Cal. July 7, 2017), was based on the need to protect the class members. *See id.* at 4-6. As this is a civil rights action brought by a single plaintiff, protection of class members is not a basis for striking the Defendants' offer.

For all of the above-stated reasons, the Defendants respectfully ask that this Court deny Plaintiff's Motion to Strike.

Dated and signed in Milwaukee, Wisconsin this 8th day of November, 2019.

                                        GRANT F. LANGLEY
                                        City Attorney

                                        s/Naomi E. Gehling
                                        Naomi E. Gehling
                                        Assistant City Attorney
                                        State Bar No. 1061388
                                        Attorney for Defendants

Milwaukee City Attorney's Office
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Tel.: (414) 286-2601
Fax: (414) 286-8550
E-mail: negehli@milwaukee.gov

1032-2018-1356/264605